```
                         United States Bankruptcy Court
                         Eastern District of Pennsylvania
In re:                                                  Case No. 15-10856-jkf
Robert Simcsak, Jr.                                     Chapter 13
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2       User: Antoinett         Page 1 of 2        Date Rcvd: Jun 01, 2020
                           Form ID: 3180W          Total Noticed: 16
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 03, 2020.
```
db             +Robert Simcsak, Jr.,    1517 Carlene Court,    Langhorne, PA 19047-2302
13637802      #+Adelstein & Kaliner, LLC,    350 S. Main Street,    Penn's Court, Suite 105,
                 Doylestown, PA 18901-4872
13509306       +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
13543388       +PNC Bank, N.A.,    Attn: Bankruptcy Department,    3232 Newmark Drive,
                 Miamisburg, OH 45342-5421
13469789       +Robert Saldutti, Esq.,    BNY Mellon Center,    1735 Market Street,    Suite 3750,
                 Philadelphia, PA 19103-7532
14475292        THE BANK OF NEW YORK MELLON c/o Shellpoint,    Mortgage Servicing,    P.O. Box 10826,
                 Greenville, SC 29603-0826
13533749        Wells Fargo Bank, N.A.,    Default Document Processing,    N9286-01Y, 1000 Blue Gentian Road,
                 Eagan, MN 55121-7700
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Jun 02 2020 04:21:29     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA 19102-1595
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 02 2020 04:21:04     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13536201        EDI: BECKLEE.COM Jun 02 2020 07:58:00     American Express Centurion Bank,
                 c o Becket and Lee LLP,    POB 3001,    Malvern, PA 19355-0701
13709117       +E-mail/Text: bkmailbayview@bayviewloanservicing.com Jun 02 2020 04:21:04
                 Bayview Loan Servicing, LLC,    4425 Ponce De Leon Blvd. 5th Floor,
                 Coral Gables, FL 33146-1873
13831050        EDI: ECMC.COM Jun 02 2020 07:58:00     ECMC,    PO Box 16408,   St. Paul, MN 55116-0408
13548141        EDI: PRA.COM Jun 02 2020 07:58:00     Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13489009        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 02 2020 04:20:48
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg PA 17128-0946
13548936       +EDI: BANKAMER.COM Jun 02 2020 07:58:00     The Bank of New York Mellon,    Bank of America, N.A.,
                 Attn: Bankruptcy Department,    PO Box 5170,    Simi Valley, CA 93062-5170
13476971        EDI: WFFC.COM Jun 02 2020 07:58:00     Wells Fargo Bank, N.A.,    PO Box 10438,
                 Des Moines, IA 50306-0438
                                                                                               TOTAL: 9
```

```
                ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
smg*            Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
                                                                                  TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 03, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 1, 2020 at the address(es) listed below:
```
          ANDREW   SPIVACK    on behalf of Creditor    The Bank of New York Mellon et. al. paeb@fedphe.com
          HARRY B. REESE    on behalf of Creditor    The Bank of New York Mellon, et al
           bankruptcy@powerskirn.com
          HARRY B. REESE    on behalf of Creditor    The Bank of New York Mellon et. al.
           bankruptcy@powerskirn.com
```

```
District/off: 0313-2          User: Antoinett            Page 2 of 2                  Date Rcvd: Jun 01, 2020
                              Form ID: 3180W             Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
        JILL   MANUEL-COUGHLIN    on behalf of Creditor    The Bank of New York Mellon et. al. bankruptcy@powerskirn.com
        JILL   MANUEL-COUGHLIN    on behalf of Creditor    The Bank of New York Mellon, et al bankruptcy@powerskirn.com
        JON M. ADELSTEIN    on behalf of Debtor Robert   Simcsak, Jr. jadelstein@adelsteinkaliner.com, jsbamford@adelsteinkaliner.com
        JON M. ADELSTEIN    on behalf of     Adelstein & Kaliner, LLC jadelstein@adelsteinkaliner.com, jsbamford@adelsteinkaliner.com
        JOSHUA I. GOLDMAN    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION Josh.Goldman@padgettlawgroup.com
        KEVIN S. FRANKEL    on behalf of Creditor    Bayview Loan Servicing, LLC et al pa-bk@logs.com
        POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com
        REBECCA K. MCDOWELL    on behalf of Creditor    Santander Bank, N.A., f/k/a Sovereign Bank, N.A. rmcdowell@slgcollect.com, pwirth@slgcollect.com
        ROBERT L. SALDUTTI    on behalf of Creditor    Santander Bank, N.A., f/k/a Sovereign Bank, N.A. rsaldutti@saldutticollect.com, lmarciano@saldutticollect.com;pwirth@saldutticollect.com;kcollins@slgcollect.com
        SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
        THOMAS I. PULEO    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
        THOMAS YOUNG.HAE SONG    on behalf of Creditor    Bank of America, N.A. paeb@fedphe.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

        TOTAL: 16

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Robert Simcsak Jr.** | Social Security number or ITIN  **xxx–xx–0789** |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **15–10856–jkf** | |

# Order of Discharge                                                                                              12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Robert Simcsak Jr.

6/1/20                                                                         **By the court:**      Jean K. FitzSimon
                                                                                                      United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**